# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| IN RE BILLY TAYLOR, | Bankruptcy Case Number |
| Debtor, | 20-82140-CRJ-13 |
| BILLY TAYLOR, | |
| Plaintiff, | |
| | Adversary Proceeding No. |
| v. | 20-80154-CRJ |
| PENTAGON FEDERAL CREDIT UNION, | |
| Defendant. | |

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND APPLICATION FOR APPROVAL OF ATTORNEY'S FEE

Comes Now, Billy Taylor (the "Debtor") with Pentagon Federal Credit Union (together with the Debtor, the "Movants") and hereby move this Court pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure for the entry of an Order approving the compromise and settlement described herein. In support of the Motion to Approve Compromise, Movants show unto the court as follows.

### JURISDICTION AND PROPOSED NOTICE

1. The Motion is being brought pursuant to 11 U.S.C. § 105 and Rule 9019(a) of the Bankruptcy Rules.
2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).
3. In accordance with Bankruptcy Rules 9019(a) and 2002, the Motion is being served on all parties-in-interest and all parties filing an appearance notice.

1

## FACTUAL BACKGROUND

4. This adversary proceeding arises from Taylor's allegations that Pentagon Federal Credit Union violated the automatic stay imposed by 11 U.S.C. § 362.

5. In this adversary proceeding, Taylor alleges that Pentagon Federal Credit Union violated the Automatic Stay by drafting money from Taylor's bank account in an attempt to collect a prepetition debt after the bankruptcy was filed.

6. Pentagon Federal Credit Union denies all wrongdoing as alleged in the Adversary Proceeding.

## NEW PROCEDURES IMPLEMENTED BY THE DEFENDANT TO AVOID FUTURE VIOLATIONS OF THE AUTOMATIC STAY

7. See the attached supplement provided by the Defendant.

## TERMS OF THE PROPOSED SETTLEMENT

8. After negotiation, and in the interest of avoiding the uncertainties associated with litigation, Plaintiff Billy Taylor and Defendant Pentagon Federal Credit Union have agreed to a compromise and settlement of the claim on the terms and conditions set forth herein.

9. The terms of the proposed settlement are as follows:

    a. Pentagon Federal Credit Union shall pay to Taylor's counsel a total of $10,000.00 to settle any and all claims arising from this adversary proceeding.

    b. This amount includes all costs and fees, including but not limited to Taylor's Attorney's fee;

    c. Pentagon Federal Credit Union shall pay to Taylor's counsel a total of $10,000.00 to settle any and all claims arising from this adversary proceeding. Debtor's counsel requests to retain $8,000.00 of the settlement representing 25.90 hours for the work performed in the preparation and prosecution of the adversary proceeding at an hourly rate of $350.00. Counsel has worked diligently on this case since November 6, 2020 and will continue to do so until

2

the proceeding closes. Counsel has reduced his fee from $9,065.00 to $8,000.00. The Debtor shall retain $1,000.00 as allowed by his exemptions and Michele Hatcher, Chapter 13 Trustee, shall retain $1,000.00 to be applied towards the debtor's bankruptcy estate. Defendant is to disburse the funds to Larsen Law, P.C. within 30 days from the date of this order. Larsen Law, P.C. will distribute the funds as set out in this motion.

## **RELIEF REQUESTED**

10. The parties jointly request that this Court approve the settlement that has been reached by Plaintiff Billy Taylor and Defendant Pentagon Federal Credit Union in which all of the issues in the claim will be resolved as to those parties. The settlement of this claim is a result of good faith, arm's length negotiations between the respective attorneys for the parties and after a thorough review of the merits of the case.

11. The settlement of the claims in this adversary proceeding meets all applicable legal standards and is well within the range of reasonableness.

12. The approval of a compromise and settlement in a bankruptcy case is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval of the settlement is an abuse of discretion. *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-603 (5th Cir. 1980). To properly exercise this discretion, the bankruptcy court must consider whether the compromise proposed "'falls below the lowest point in the range of reasonableness.'" *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs. Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985) (internal citation omitted).

13. The Eleventh Circuit has held a bankruptcy court must consider and evaluate the following factors:

    (a) the probability of success in the litigation;

    (b) the difficulties, if any to be encountered in the matter of collection;

    (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending the litigation; and,

3

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Wallis v. Justice Oaks II Ltd. (In re Justice Oaks II Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). When making an evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underling the compromised disputes. *Teltronics* at 189. Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and should make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

14. Federal Rule of Bankruptcy Procedure 9019 provides that, after conducting a hearing on notice to creditors, the bankruptcy court may approve a compromise and settlement. To assure a compromise is proper in a given case, the court must be apprised of the necessary facts for an intelligent, objective, and educated evaluation and compare the "terms of the compromise with the likely rewards of litigation." *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968).

15. The settlement proposed in this motion meets the standard for approval under Federal Rule of Bankruptcy Procedure 9019 and is in the best interests of the bankruptcy estate. The settlement was reached after thorough analysis of the merits of Taylor's claims and the defenses of Pentagon Federal Credit Union with regard to the claims asserted in the adversary proceeding.

**WHEREFORE**, the parties ask this Court to enter an order approving the settlement described in this motion.

/s/ *John C. Larsen*_____
John C. Larsen
Attorney for the Debtor/Plaintiff,
Billy Taylor

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road

4

Huntsville, Alabama 35811
(256) 859-3008
john@larsenlaw.com


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon all creditors listed on the mailing matrix and all attorneys of record by electronic notice and/or by depositing a copy thereof in the United States Mail, properly addressed and postage prepaid, on this the 15th day of March, 2021.

Bryce Noel
Brian Jordan
Attorneys for Defendant
Fifteen Piedmont Center
3575 Piedmont Road NE, Suite 500
Atlanta, GA 30305
BNoel@aldridgepite.com
BJordan@aldridgepite.com

A copy was served electronically on Michele Hatcher, Chapter 13 Trustee, and Richard Blythe, Bankruptcy Administrator, on this the 15th day of March, 2021.

/s/ *John C. Larsen*

5

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 20-82140-CRJ13<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Mon Mar 15 16:09:01 CDT 2021 | U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 | 1st Franklin Financial<br>24833 John T Reid Pkwy<br>Scottsboro, AL 35768-2343 |
| 1st Franklin Financial<br>P.O. Box 188<br>Scottsboro, AL 35768-0188 | 1st Franklin Financial Corporation<br>Attn: Administrative Services<br>PO Box 880<br>Toccoa, GA 30577-0880 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 |
| Discover Financial<br>Attn: Bankruptcy<br>Po Box 3025<br>New Albany, OH 43054-3025 | FNB Bank<br>1535 South Broad Street<br>Scottsboro, AL 35768-2608 | First National Bank<br>402 South Broad St<br>Scottsboro, AL 35768-1742 |
| (p)PENTAGON FEDERAL CREDIT UNION<br>ATTN BANKRUPTCY DEPARTMENT<br>P O BOX 1432<br>ALEXANDRIA VA 22313-1432 | Regions Bank<br>Attn: Bankruptcy BH40402B<br>P. O. Box 10063<br>Birmingham, AL 35202-0063 | Regions Bankcard<br>Attn: Bankruptcy<br>2050 Parkway Office Circle<br>Hoover, AL 35244-1805 |
| (p)W S BADCOCK CORPORATION<br>POST OFFICE BOX 724<br>MULBERRY FL 33860-0724 | Billy Taylor<br>711 Tupelo Pike Rd.<br>Scottsboro, AL 35768-3903 | John C. Larsen<br>Larsen Law, P.C.<br>1733 Winchester Rd<br>Huntsville, AL 35811-9190 |
| Michele T. Hatcher<br>Chapter 13 Trustee<br>P.O. Box 2388<br>Decatur, AL 35602-2388 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Pentagon Federal Credit Union<br>Attn: Bankruptcy<br>Po Box 1432<br>Alexandria, VA 22313 | W.S. Badcock Corporation<br>Attn: Bankruptcy<br>Po Box 497<br>Mulberry, FL 33860 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)McGraw-Hill Federal Credit Union | (u)Pentagon Federal Credit Union | (d)W.S. Badcock Corporation<br>P.O. Box 724<br>Mulberry, FL. 33860-0724 |

**End of Label Matrix**
**Mailable recipients**     15
**Bypassed recipients**     3
**Total**     18